**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| James R. Jones,      Individually and on behalf of those      similarly situated, <br><br>                             Plaintiff,<br><br>v.<br><br>Capex Oilfield Services, Inc.<br><br>                             Defendant. | Civil Action No. 2:18-cv-410<br><br>**Collective and Class Action Complaint**<br><br>**Jury Demand Endorsed Hereon** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff James R. Jones (referred to herein as "Plaintiff"), individually and others similarly situated, for his complaint against Defendant Capex Oilfield Services, Inc. ("Defendant"), hereby states as follows:

**I.    JURISDICTION AND VENUE**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA") (Chapter 4111 and OPPA shall be collectively referred to as "the Ohio Wage Laws"), Ohio's Laws Against Discrimination, O.R.C. Chapter 4112 ("Chapter 4112"), and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court

maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant have done substantial business in the Southern District of Ohio.

## II. PARTIES

4. Plaintiff James R. Jones is an individual, United States citizen, and a resident of the State of Pennsylvania, who performed work for Defendants in the Southern District of Ohio. Plaintiff was employed by Defendant from approximately May 2017 through approximately October 30, 2017 as a Solids Control Technician. Plaintiff brings this action on his own behalf and on behalf of those similarly situated, and he has given his written consent to bring this collective action to recover unpaid overtime under the FLSA and individually to recover unpaid overtime under O.R.C. Chapter 4111. Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be a Party Plaintiff*, attached hereto as **Exhibit A**).

5. Defendant is a for profit corporation with its principal place of business in Williston, North Dakota, registered to do business in Ohio and with its Ohio operations located out of Saint Clairsville, Ohio, 43950 (Belmont County). It may be served through its Registered Agent CT Corporation System 4400 Easton Commons Way Suite 125 Columbus, OH 43219.

## III. FACTS

6. Defendant Capex is a privately-owned company providing rental equipment, service and support to the energy industry. It equipment and services to operations such as

drilling, completions, construction, production, water conservation and mud recycling.[1]

7. Defendant employed and/or continues to employ Plaintiff and those similarly situated as Solids Control Technicians, whose primary duties are or were the performance of non-exempt work. The work performed by Plaintiff and at least three other Solids Control Technicians was located in or around St. Clairsville, Ohio.

8. Plaintiff and those similarly situated are or were paid on an hourly basis.

9. Plaintiff's hourly rate was approximately $20 per hour.

10. Plaintiff and those similarly situated regularly have worked or continue to work more than 40 hours per week, but were not paid one and one-half times their regular rates for all hours worked over 40.

11. Plaintiff and those similarly situated typically worked 12 hour shifts per day for two weeks straight, then with two weeks off.

12. Shifts typically consisted of two Solids Control Technicians on the day shift and two on the night shift, which was typically 6:00 PM to 6:00 AM.

13. Plaintiff's typical schedule was 6:00 AM to 6:00 PM.

14. Plaintiff and those similarly situated were required to attend daily pre-shift meetings for which they received no compensation. These typically lasted about 15-30 minutes per meeting.

15. In some instances, the mandatory pre-shift meeting of the following shift ran on average approximately 15 minutes long, resulting in Plaintiff and those similarly situated to have to work longer until they were relieved by the next shift; resulting in approximately 15 minutes of unpaid time per day.

---

[1] *See* http://capexoilfield.com/who-we-are/about-capex (last visited on 2/13/18).

16. Therefore, Plaintiff and those similarly situated had approximately 2.0 to 3.75 hours of unpaid worktime per week as a result of mandatory pre-shift meetings.

17. At all times relevant herein, Plaintiff and those similarly situated have been employees of Defendant as defined in the FLSA and O.R.C. Chapter 4111.

18. At all times relevant herein, Defendant has been an "employer" as that term is defined by the FLSA and O.R.C. Chapter 4111.

19. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

20. At all times relevant to this action, Defendant's employees were engaged in interstate commerce and Defendant has annual gross volume sales and/or business in an amount not less than $500,000.00.

21. As a result of Defendant not paying Plaintiff and those similarly situated approximately 2.0 to 3.75 hours for attending pre-shift meetings and working longer for pre-shift meetings that ran long, Defendant suffered and permitted Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates.

22. Upon information and belief, Defendant, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

23. During relevant times, Defendant had knowledge of and acted willfully in regard to their conduct described herein.

24. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## IV. COLLECTIVE AND CLASS ALLEGATIONS

25. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> **All current and former employees of Defendant who attended pre-shift and/or post-shift meetings in the last three years and through the final disposition of this matter (the "216(b) Collective" or the "216(b) Collective Members").**

26. The 216(b) Collective Members are not exempt from the FLSA.

27. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Plaintiff, numerous putative 216(b) Collective Members have been denied proper overtime compensation due to Defendant's company-wide payroll policies and practices. Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

28. The identity of the putative 216(b) Collective Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

29. Plaintiff brings his Ohio Law claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of himself and all other members of the following class:

> **All current and former employees of Defendant who attended pre-shift and/or post-shift meetings in the last three years and through the final disposition of this matter (the "Rule 23 Class" or the "Rule 23 Class Members").**

30. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

31. Plaintiff is a member of the Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

32. Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

33. Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

34. Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

35. Questions of law and fact are common to the Rule 23 Class.

36. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

37. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Rule 23 Class as a whole.

38. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

39. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Laws by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendant calculated the Rule 23 Class's overtime rate of pay as required by the statute; (d) whether Defendant' violations of the Ohio Wage Law were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Law; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

40. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**V.  CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

41. All of the preceding paragraphs are realleged as if fully rewritten herein.

42. This claim is brought as part of a collective action by Plaintiff on behalf of himself and the 216(b) Collective.

43. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

44. During relevant times, Defendant employed Plaintiff and the 216(b) Collective Members.

45. Plaintiff and the 216(b) Collective Members were paid on an hourly basis and worked in non-exempt positions.

46. Plaintiff and the 216(b) Collective Members regularly worked unpaid compensable time as a result of pre-shift meetings resulting in additional hours worked in excess of 40 hours in workweek that were not paid at one and on-half their regular rates.

47. Defendant jointly violated the FLSA with respect to Plaintiffs and the 216(b) Collective by, *inter alia*, failing to compensate them all overtime earned.

48. Plaintiff and the 216(b) Collective Members were not exempt from receiving FLSA overtime benefits.

49. Defendant knew or should have known of the overtime payment requirements of the FLSA, yet willfully withheld and failed to pay all overtime compensation earned, and to which Plaintiff and the 216(b) Collective Members are entitled.

50. The exact total amount of compensation, including overtime compensation, that Defendant have failed to pay Plaintiff and the 216(b) Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

51. As a direct and proximate result of Defendant' conduct, Plaintiff and the 216(b) Collective Members have suffered and continue to suffer damages. Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the 216(b) Collective Members.

**SECOND CAUSE OF ACTION:**
**R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

52. All of the preceding paragraphs are realleged as if fully rewritten herein.

53. This claim is brought under Ohio Law.

54. Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Laws.

55. The Ohio Wage Laws require that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

56. While employed by Defendant, Plaintiff and the Rule 23 Class Members regularly worked unpaid compensable time as a result of pre-shift meetings resulting in additional hours worked in excess of 40 hours in workweek that were not paid at one and on-half their regular rates.

57. Plaintiff and the Rule 23 Class were not exempt from the wage protections of the Ohio Wage Laws.

58. Defendant's repeated and knowing failure to pay overtime wages to Plaintiff and the Rule 23 Class were violations of R.C. §4111.03, and as such, Defendant willfully withheld

and failed to pay the overtime compensation to which Plaintiff and the Rule 23 Class Members are entitled.

59. For Defendant' violations of R.C. §4111.03, by which Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages, Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Rule 23 Class Members.

## THIRD CAUSE OF ACTION:
## R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. Plaintiff and the Rule 23 Class Members were employed by Defendant.

62. During relevant times, Defendant was covered by the OPPA; and Plaintiff and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

63. The OPPA requires Defendant to pay Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

64. During relevant times, Plaintiff and the Rule 23 Class Members were not paid all wages, including all overtime wages earned at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

65. Plaintiff and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

66. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## FOURTH CAUSE OF ACTION
### (Age Discrimination – R.C. 4112)

67. All of the preceding paragraphs are realleged as if fully rewritten herein.

68. Plaintiff was at all times relevant an "employee" as defined in Chapter 4112.

69. Defendant was at all times Plaintiff's "employer" as defined in Chapter 4112.

70. Plaintiff was born on August 9, 1968 and at all times relevant hereto was over forty (40) years of age.

71. At all times relevant hereto, Plaintiff was qualified for the position he held.

72. At all times relevant hereto, Plaintiff successfully performed the duties and responsibilities of his position.

73. Despite the successful performance of his duties, Plaintiff's supervisors discriminated against him because of his age.

74. Plaintiff was hired by Defendant following telephone and other communications. He never met his supervisors or anyone from Defendant prior to his first day of work.

75. Upon the commencement of his employment, Plaintiff was noticeably older than all of his coworkers.

76. During his employment, coworkers such as Tommy Briggs ("Tommy") regularly commented and joked about Plaintiff's age. Some examples of comments regularly made by Tommy include: "you can't do it like when you were younger"; "don't worry old man, I'll get it"; "shouldn't you be applying for AARP"; and "you can't move too fast anymore, huh, old man?" One of Plaintiff's supervisor, Jeff, made comments such as "I will let the younger guys do it." These types of comments about Plaintiff's age were made on almost a daily basis.

77. In addition to the comments about Plaintiff's age, Plaintiff also experienced disparate treatment compared to his younger coworkers. Both of Plaintiff's write-ups prior to his termination were for actions that Defendant's younger employees did not receive any discipline.

78. Plaintiff complained about the disparate treatment he experienced to his supervisors, including Jordy Harger. Despite his complaints of disparate treatment, Plaintiff was still disciplined.

79. On or about October 30, 2017, Defendant terminated Plaintiff's employment because he was purportedly not a team player and was not working well with others. Plaintiff had never been told he was not a team player or that he was not working well with others prior to his termination and he was never counseled for such reason.

80. To the contrary, Plaintiff had a great working relationship with his coworkers, including Thomas Bundy.

81. Defendant's purported reason for Plaintiff's termination is pretext.

82. Defendant discriminated against Plaintiff on the basis of age by terminating his employment, transferring the responsibilities for his position to a person under the age of (40) or substantially younger than him, and treating him less favorably because of his age in the terms and conditions of his employment, in violation of R.C. 4112.02(A) and (N) and 4112.99.

83. Plaintiff was replaced by, or his termination permitted the retention of, a person or persons substantially younger than him.

84. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and will continue to suffer economic and non-economic compensatory damages, including but not limited to past and future economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment.

85. Defendant's discriminatory actions against Plaintiff in violation of R.C. 4112.02(A) and (N) were willful, reckless, and/or malicious, in disregard of her rights, and render Defendant liable for punitive damages, reasonable attorney fees, costs and expenses pursuant to R.C. 4112.99.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio Law;

D. Directing Defendant, at their own expense, to investigate and account for the number of hours actually worked by Plaintiff and the putative class and collective members per week, and if Defendant failed to keep accurate records in accordance with Ohio Law, Plaintiff, the 216(b) Collective Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Plaintiff and the 216(b) Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Wage Laws;

G. Awarding Plaintiff, the FLSA Collective Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

H. Awarding Plaintiff, the FLSA Collective Members and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

J. For Count IV, Plaintiff demands back pay and benefits, or front pay and benefits, whichever is appropriate, compensatory damages, punitive damages, emotional distress damages, pre-judgment interest, post-judgment interest, costs, attorneys' fees and any and all other relief, which the Court deems just and appropriate.

K. Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

L. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Date: <u>April 27, 2018</u>  Respectfully submitted,

<i>s/ Robi J. Baishnab</i>
Robi J. Baishnab (0086195)
Robert E. DeRose (0055214)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email: rbaishnab@barkanmeizlish.com
bderose@barkanmeizlish.com

/s/ <i>Matthew J.P. Coffman</i>
Matthew J.P. Coffman (0085586)

                Coffman Legal, LLC
                1457 S. High St.
                Columbus, Ohio 43207
                Phone: 614-949-1181
                Fax: 614-386-9964
                Email: mcoffman@mcoffmanlegal.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

                *s/ Robi J. Baishnab*
                Robi J. Baishnab