# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JAMES JONES,** individually and on behalf of all similarly situated individuals, : | |
| : | |
| Plaintiff, : | Case No. 2:18-cv-410 |
| : | |
| v. : | **Chief Judge Edmund A. Sargus, Jr.** |
| : | |
| **CAPEX OILFIELD SERVICES, INC.** : | **Magistrate Judge Kimberly A. Jolson** |
| : | |
| Defendants. : | |

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR CONDITIONAL CERTIFICATION

### I.   INTRODUCTION

In its Brief in Opposition[1] to Plaintiff's Motion for Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. §216(b) ("Plaintiff's Motion"),[2] Defendant Capex Oilfield Services, Inc. ("Capex") raises two arguments; both of which are without merit and should be rejected.

First, Capex argues that conditional certification should be denied because Plaintiff has not demonstrated the existence of a common FLSA-violating policy. To the contrary, Plaintiff has demonstrated that he and Capex's other hourly field employees were all subjected to the same company-wide policies of requiring the field employees to attend pre-shift meetings and/or perform off-the-clock post-shift work, and failing to pay the employees for this extra time. Capex also attempts to argue the merits in support of its opposition to Plaintiff's Motion; however, merits-based arguments are premature at the conditional certification stage.

---

[1] Doc. No. 23.
[2] Doc. No. 11.

Second, Capex argues that if the Court does grant conditional certification (as it should), a series of unnecessary modifications should be made to Plaintiff's Proposed Notice and Process.[3] However, the argument presented in support of Defendant's suggested changes is unpersuasive and should be rejected. For these reasons, Plaintiff's Motion for Conditional Certification should be granted without modification.

## II. ARGUMENT

### A. Plaintiff Has Made a Modest Showing that He and Other Hourly Field Employees were Similarly Situated and Were Subject to the Same FLSA-Violating Policies.

Defendant contends that Plaintiff "has not met the lenient standard for conditional certification for a collective action."[4] As noted by both parties, in order to obtain conditional certification, Plaintiff need only make a "modest factual showing" that he and other putative collective action members are "similarly situated" in order to achieve conditional certification. *Hall v. U.S. Cargo & Courier Service, LLC*, 299 F.Supp.3d 888, 894 (S.D. Ohio 2018); *see also* 29 U.S.C. § 216(b). As Defendant concedes, "[t]he cases clearly establish that the Plaintiff's burden at this first stage is lenient."[5] "A plaintiff can make the required factual showing by demonstrating that he and the other putative class members 'suffer from a single, FLSA-violating policy' or [that] their claims are 'unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" *Ford v. Carnegie Mgmt. Services, Inc.*, No. 2:16-cv-18, 2016 WL 2729700, at *2 (S.D. Ohio May 11, 2016).

Contrary to Defendant's contention, Plaintiff has clearly met his lenient burden in demonstrating that there exists other similarly situated Capex hourly employees who have and

---

[3] *See* Doc. No. 11, at 18-20.
[4] Doc. No. 23, at 6.
[5] *Id.* at 4.

2

continue to be subjected to the same unlawful policies instituted by Defendant. Plaintiff submitted a Declaration[6] along with his Motion, in which he declares, under penalty of perjury, to the truthfulness and accuracy of the following facts (among others):

1. I have direct and personal knowledge of each and every fact stated herein.

8. Throughout my employment, I typically worked day shift from approximately 6:00 a.m. to 6:00 p.m.; however, I was regularly required to attend a pre-shift meeting for which I received no compensation.

10. During my employment, I observed other hourly workers attending pre-shift meetings and performing unpaid post-shift work for Defendant. All Solids Control Technicians and (other positions) were required to attend the pre-shift meetings and/or remain working until relieved by the next shift.

11. Throughout my employment, Defendant maintained a company-wide policy of requiring pre-shift meetings off-the-clock, as well as post-shift work until hourly workers were relieved of their duties.

12. Defendant's hourly field workers and I were not compensated for our pre-shift and post-shift work, including pre-shift meetings and post-shift work until we were relieved of our position.

13. Defendant, our managers and supervisors were aware that hourly field employees, including myself, were required to attend pre-shift meetings, as well as remain working post-shift before we were relieved of our job duties.

14. I would estimate that during my employment with Defendant, there were upwards of approximately 20 or more hourly field employees in Ohio alone at any given time.

Here, Plaintiff possesses personal knowledge of at least 20 other Capex employees who were subjected to the company's same FLSA-violating policies: 1) forcing hourly employees to attend pre-shift meetings; 2) forcing hourly employees to continue working off-the-clock post-shift until they were relieved of their duties; and 3) failing to compensate hourly employees for the extra time worked. At the preliminary stage, "the court accepts as true plaintiff's allegations." *Ross v. Jack Rabbit Servs., LLC*, No. 3-14-cv-00044, 2014 WL 2219236, at *3 (W.D. Ky. May 29, 2014) (citations omitted). Accepting Plaintiff's allegations in his Declaration as true, Plaintiff

---

[6] Doc. No. 11, Ex. A.

has easily met the low burden of a "modest factual showing" that there exists a class of other similarly situated employees who were subjected to the same FLSA-violating policies, even if based solely on his first-person observations while employed by Defendant. *See Ford,* 2016 WL 2729700, at *2.

Corroboration for Plaintiff's Motion comes from Jordy Harger, Capex's Branch Manager at the Ohio field office where Plaintiff worked under his supervision. Defendant attached Mr. Harger's Declaration[7] to its Brief in Opposition. In the following excerpts from his Declaration, Mr. Harger declares, under penalty of perjury, to the following:

3. . . . Jones, **like other hourly employees,** was supposed to submit his own time on a weekly basis through Paychex, an online payroll service not affiliated with Capex . . .

4. In addition to the 12-hour shifts that **Jones and the other Solids Control Technicians worked**, **they would attend daily pre-shift meeting** [sic], which typically lasted a half hour until September 2017, when the pre-shift meetings were reduced to 15 minutes.

6. **Jones and all other Solids Control Technicians** were paid for the time they spent in pre-shift meetings . . .

(emphasis added).[8]

As shown above, Defendant's own Branch Manager states that all other Solids Control Technicians were subjected to similar treatment for recording their hours, attending pre-shift meetings, and receiving compensation; Plaintiff was not an outlier in the way he was treated or compensated. Although Mr. Harger disagrees with Plaintiff over whether Plaintiff and the other Solids Control Technicians were compensated for their meeting time, addressing the merits at the conditional certification stage is premature. *See Ross* at *3. Rather, what *is* important is the fact that Defendant's own Branch Manager corroborates Plaintiff's contention that he and the other Solids Control Technicians were treated similarly. *See Ford* at *2.

---

[7] Doc. No. 23-1.
[8] *Id.*

Further, Defendant is incorrect when it states that "Courts have generally denied conditional certification, despite the lenient standard, where a plaintiff supports the motion only with his own declaration and does not explain how he knows the facts on which he bases his motion."[9] To begin, Plaintiff *has* explained how he knows the facts on which he brings his motion: his own direct and personal knowledge.[10] Even assuming *arguendo* that Plaintiff had not, Defendant misrepresents the lenient burden that plaintiffs must meet at the conditional stage as something much higher. Declarations are not required in order to meet Plaintiff's lenient burden; in fact, Sixth Circuit courts have granted conditional certification on nothing more than a complaint alone. *See,* e.g., *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595-96 (S.D. Ohio 2002) (holding potential class members to be "similarly situated" for purposes of receiving notice based solely upon allegations contained in the complaint); *Belcher v. Shoney's, Inc.*, 927 F.Supp. 249, 251 (M.D. Tenn. 1996) (granting certification based solely upon allegations in complaint).

Finally, Defendant's repeated attempts to argue the merits in its Opposition are premature at the conditional certification stage, where "the court accepts as true the plaintiff's allegations and does not reach the merits of the plaintiff's FLSA claims." *Ross* at *3. At this stage, "the Court is not making a substantive determination on the basis of all the evidence but simply adopting a procedure which permits notice to be given to other potential class members." *Frye v. Baptist Mem'l Hosp., Inc.*, No. 07-2708, 2008 WL 6653632, at *4 (W.D. Tenn. Sept. 16, 2008).[11]

---

[9] Doc. No. 23, at 5.
[10] *See* Doc. No. 11-1, at ¶ 1.
[11] In contrast, "[t]he second stage of analysis is much more stringent, and to avoid decertification, a plaintiff must meet a stricter standard of proving that the putative plaintiffs are 'similarly situated.'" *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 367 (E.D. Tenn. 2006).

Defendant invites the Court to delve into the merits of this case by arguing that Plaintiff "was in fact paid" for all the hours he worked, including for pre-shift meetings.[12] Defendant has gone so far as to attach Plaintiff's timesheets and employment contract in support of its contention that Plaintiff was compensated for all time worked.[13] While it is commendable that Defendant has made such an early head-start on its summary judgment motion,[14] the aforementioned documents are irrelevant to the only question currently before the Court: whether Plaintiff has made his "modest factual showing" of similarly situated plaintiffs. *Frye* at *4. Because Plaintiff has met this lenient burden, the Court should grant his Motion for Conditional Certification.

> **B.** **Plaintiff's Proposed Notice and Process Are Appropriate and Do Not Require Any Modification.**

Defendant contends that, in the event that this Court grants conditional certification, five (5) separate modifications should be made to Plaintiff's Proposed Notice and process.[15] Plaintiff opposes modifications One, Three, Four, and Five set forth by Defendant. Because four of Defendant's suggested modifications are without merit, the Court should reject those four.

**1.** ***Length of opt-in period.*** Defendant argues that Plaintiff's proposed opt-in period of 90 days is "too long," and contends instead that a 45-day opt-in period is adequate.[16] The only case cited by Defendant in support of its proposition is *Hall*, 299 F.Supp.3d at 899 (granting a 45-day opt-in period). However, Defendant misquotes *Hall* by suggesting that a shorter opt-in period is warranted because "[t]here is no contention [by Plaintiff] that the employees will be

---

[12] Doc. No. 23, at 6.
[13] *See* Doc. No. 23-1, at 1-8.
[14] *See Pratt v. Colvin*, No. 14-cv-05651 JRC, 2015 WL 1221388, at *3 (W.D. Wa. Mar. 17, 2015) ("the early bird gets the worm. . .").
[15] Doc. No. 23, at 7-8.
[16] *Id.* at 7.

6

difficult to locate."[17] Defendant has taken *Hall* out of context. That decision does not stand for the proposition that a plaintiff is *required* to show difficulty locating employees in order to justify an opt-in period above 45 days. Quite to the contrary, "There is no hard and fast rule controlling the length of FLSA notice periods. Courts in this district have frequently used their discretion to grant ninety-day opt-in periods." *Brittmon v. Upreach, LLC,* 285 F.Supp.3d 1033, 1045 (S.D. Ohio 2018) (citations omitted). In fact, courts within the Sixth Circuit have commonly granted opt-in periods longer than 45 days without mentioning any difficulty locating opt-ins at all. *See,* e.g., *Casarez v. Producers Service Corp.*, No. 2:17-cv-1086, 2018 WL 2389721, at *9 (S.D. Ohio May 25, 2018) (Sargus, C.J.) (granting opt-in period of 90 days); *Brittmon* at 1045 (granting 90-day opt-in period; noting the courts' power of discretion in determining the length of opt-in periods). Further, a 90-day opt-in period better protects the FLSA's remedial goals by providing putative opt-ins with "time to fully consider their options." *Hall* at 900. For these reasons, a 90-day opt-in period best serves the needs of this particular case.

      **2.**    *Introduction.* Defendant contests the wording used in part of Plaintiff's proposed notice, which states that it "advises you of how your rights are affected by this lawsuit."[18] Defendant instead suggests that it should read: "advises you of how your rights *may be* affected by this lawsuit."[19] Plaintiff believes that this change is reasonable, and will agree to this modification if conditional certification is granted.

      **3.**    *Eligibility to Join.* Defendant contends that Plaintiff's description should be more specific, and that the "eligibility" section of Plaintiff's proposed notice should be rewritten. Plaintiff opposes these changes because Plaintiff's proposed language is proper, accurate, and

---

[17] *Id.*
[18] *See* Doc. No. 23, at 7.
[19] *Id.*

complete in its current form. Nonetheless, Plaintiff states that he will work with Defendant to reach language that is agreeable to both parties if conditional certification is granted.

    **4.**    ***Legal Representation.*** Citing *Hall, supra,* Defendant incorrectly states that "[t]his Court has held that the notice ***should*** include an additional sentence informing opt-ins that they have the right to be represented by counsel of their own choice."[20] Defendant has misrepresented the language of *Hall*. That decision does not hold that informing opt-ins of the right be represented by other counsel is a *requirement* of a plaintiff's notice, but merely that it "is an appropriate element." *Id.* at 898. Defendant provides no additional reasoning why a sentence informing putative opt-ins of their ability to seek other counsel is necessary in this particular case. Plaintiff believes that including unrequired additional information only increases the odds of confusing putative opt-ins about their rights. For these reasons, Defendant's proposed change should not be incorporated here.

    **5.**    ***Contingency Fee.*** Defendant challenges the language in Plaintiff's proposed notice regarding contingency fees. Specifically, Defendant represents that it will not object to Plaintiff's language if Plaintiff stipulates that his counsel will seek a lodestar fee award, and not a percentage of the fund. Plaintiff objects to Defendant's proposition because Plaintiff's proposed language is proper, accurate, and complete in its current form, and because it would be dubious precedent to require a party at such an early stage of litigation to stipulate to how that party's counsel should be paid. Nonetheless, Plaintiff states that he will work with Defendant to reach language that is agreeable to both parties if conditional certification is granted.

**III.**    **CONCLUSION**

---

[20] *Id.* at 8 (emphasis added).

For the foregoing reasons, the Court should grant Plaintiff's Motion for Conditional Certification and allow notice to issue to all individuals who work or have worked for Capex Oilfield Services as hourly field employees who have worked over 40 hours in any workweek that they attended required pre-shift meetings and/or performed post-shift work from April 27, 2015 and through the final disposition of this matter.

Dated:  August 13, 2018

                                        Respectfully Submitted,

/s/ *Robert E. DeRose*
Robert E. DeRose (0055214)
Jessica R. Doogan (0092105)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Tel:  (614) 221-4221
Fax: (614) 744-2300
bderose@barkanmeizlish.com
jdoogan@barkanmeizlish.com


/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Tel:  (614) 949-1181
Fax: (614) 386-9964
mcoffman@mcoffmanlegal.com

*Attorneys for Plaintiff and those similarly situated*

9

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically, and Notice of this filing will be sent by operations of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the court's ECF system.

Dated:  August 13, 2018

/s/ *Robert E. DeRose*
Robert E. DeRose

*An Attorney for Plaintiff and those similarly situated*